**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**CENTURY 21 REAL ESTATE, LLC,**                                                      **PLAINTIFF**

**vs.**                                     **Case No. 4:05-CV-01075 GTE**

**QUALITY VIP REALTY, INC., an
Arkansas Corporation, JANIS
BIGGERS and RENAE BAKER**                                                             **DEFENDANTS**

**ORDER GRANTING DEFAULT JUDGMENT
TO CENTURY 21 AND RENAE BAKER**

Before the Court are Motions for Entry of Default Judgment filed by Century 21 Real Estate, LLC ("Century 21") and by Renae Baker. Century 21 seeks a judgment by default against Defendant Janis Biggers and Quality VIP Realty, Inc. ("Realty"). Renae Baker, as Cross-claimant, seeks a judgment by default against Janis Biggers. For the reasons stated herein, the Court finds that both Century 21 and Renae Baker are entitled to the default judgments requested. Said judgments will be entered separately.

**FACTUAL BACKGROUND**

Century 21 filed this action on August 5, 2005. Summons was returned executed on Defendants Janis Biggers and Quality VIP Realty as of September 10, 2005. Renae Baker was served on October 3, 2005.

Ms. Baker filed an Answer and Cross- Complaint against Janis Biggers on October 14, 2005. Ms. Biggers was personally served with the Cross-Complaint on January 25, 2006.

To date, neither Janis Biggers nor Quality VIP Realty, Inc. have filed an Answer or otherwise responded to Century 21's Complaint. Nor has Janis Biggers responded in any fashion to the Cross-Complaint filed by Ms. Baker.

- 1 -

On November 4, 2005, this Court entered a Preliminary Injunction prohibiting the Defendants from holding themselves out as Century 21 agents or from otherwise using or displaying Century 21 trade names and service marks.

Subsequently, Century 21 moved for entry of default and default judgment on October 18, 2005.  On November 7, 2005, a Clerk's entry of default was entered as to Quality VIP Realty, Inc. and Janis Biggers with respect to the Complaint filed by Century 21.

Century 21's Complaint seeks an award of damages against Ms. Baker and Ms. Biggers, jointly and severally.  Accordingly, the Court found it appropriate to wait until Century 21's claims against Ms. Baker were resolved before taking up the default judgment issue against Ms. Baker's co-defendants.

On May 31, 2006, an Order was entered dismissing Century 21's Complaint as to Defendant Renae Baker only based on the fact that Century 21 and Renae Baker had reached a full compromise settlement.  Pursuant to the settlement, Ms. Baker agreed to pay the sum of $16,250 in full settlement of the claims against her.

Also on May 31, 2006, Ms. Baker filed her Motion for Default Judgment seeking to recover from Ms. Biggers on her Cross-Claim.  Ms. Baker seeks to recover from Ms. Biggers the sum of $16,250, the full amount Ms. Baker agreed to pay Century 21 to settle the claims against her.  In addition, Ms. Baker seeks to recover her attorneys' fees in the sum of $1,168.00 and costs in the sum of $79.88.

A Clerk's Default was entered against Ms. Biggers on Ms. Baker's Cross-Claim on July 6, 2006.[1]

---

[1] "Entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)."  *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir.1998).

## DISCUSSION

**(1)     Century 21's Motion for Default Judgment**

The Defendant Quality Realty executed a Franchise Agreement ("Agreement") with Century 21.  A copy of the Franchise Agreement is attached to the Complaint as Exhibit A.  The Defendants Janis Biggers and Renae Baker provided Century 21 with a Guaranty of Quality's obligations of payment and performance under the Agreement.  A copy of the Guaranty is attached to the Complaint as Exhibit B.

Century 21 alleges in its Complaint that Quality breached the Franchise Agreement by unilaterally abandoning the franchise, failing to consistently report and pay on closed transactions and by otherwise failing to comply with its financial obligations under the Agreement.

Century 21 seeks a judgment for unpaid Royalty Fees, NAF contributions, lost profits, interest and service charges due and owing from Quality pursuant to the terms of a Franchise Agreement entered into between the parties on October 16, 1997.  Century 21 seeks a default judgment against Janis Biggers and Quality VIP Realty, Inc., jointly and severally, in the total amount of $33,470.97.

Century 21's motion is supported by the Affidavit of Debbie Iuliano, the Vice-President of Operations for Cendant Corporation in the Real Estate Services Division which includes Century 21.  Ms. Iuliano offers sworn testimony in connection with the damages due from the Defendant as a result of the alleged breach of the Franchise Agreement.

Ms. Iuliano's Affidavit asserts that as of the filing of the Complaint, Quality Realty was indebted to Century 21 in the amount of $11,684.21 for unpaid Royalty Fees, NAF contributions, interest and service charges.

In the Agreement, Quality also agreed to pay Century 21 its lost future profits.  The

parties, recognizing the difficulty in computing lost profits, agreed upon a specific calculation for the fair and reasonable computation of lost future profits. Ms. Iuliano offers a computation based on the contractual provision regarding future lost profits due and owing at the time the Franchise Agreement terminated. Said sum is asserted to be $13,060.76.

Quality also agreed in the Agreement to pay all litigation costs, including attorney's fees, in the event legal action was required to enforce the contract's terms and conditions. Quality Foods has submitted the Affidavit of Eugene Podesta, Jr., attorney, requesting attorney's fees in the amount of $7,798.00, plus disbursements of $528.08.

The Court has reviewed the request for damages submitted by Century 21 and finds it to be well supported in law and fact. The Court also finds the request for attorney's fees and expenses to be reasonable.

After considering the entire record, the Court concludes that Plaintiff Century 21 is entitled a Default Judgment against Quality VIP Realty, Inc. and Janis Biggers in the amount of $ 33,470.97.

**(2)    Renae Baker's Motion for Default Judgment**

Renae Baker claims in her Cross-Complaint against Janis Biggers that the corporation between Ms. Baker and Ms. Biggers was terminated in August of 1998, at which time it was agreed that Ms. Biggers would assume all obligations in connection with the future operation of Quality VIP Realty, Inc. and that Ms. Biggers would release and hold harmless Ms. Baker from all claims arising from the operation of the business. Ms. Baker contends that he has received no income nor derived any benefits from Century 21 since the termination of the corporation.

Ms. Baker seeks a Default Judgment in the sum of $16,250, the amount which she is obligated to pay Century 21 to settle her claims, and attorney's fees and expenses in the sum of

$1,247.88.

After considering the entire record, the Court concludes that Renae Baker is entitled to a default judgment against Janis Biggers in the amount of $ 17,497.88.

## CONCLUSION

Accordingly,

IT IS THEREFORE ORDERED THAT Plaintiff Century 21 Real Estate LLC's Motion for Default Judgment (Docket No. 20) be, and it is hereby, GRANTED.   By a Judgment to be entered separately, Century 21 shall be awarded the sum of Thirty-Three Thousand Four Hundred Seventy Dollars and Ninety-Seven Cents ($ 33,470.97), plus post-judgment interest at the legally established rate.

IT IS FURTHER ORDERED THAT Cross-Claimant Renae Baker's Motion for Default Judgment (Docket No. 25) be, and it is hereby, GRANTED.  By a separate Judgment, Renae Baker shall be awarded the sum of Seventeen Thousand Four Hundred Ninety-Seven Dollars and Eighty-Eight Cents ($ 17,497.88),  plus post-judgment interest at the legally established rate.

IT IS FURTHER ORDERED THAT the docket shall be modified to remove Century 21's Motion for Entry of Default (Docket No. 11) as a pending motion, said motion having been granted on November 17, 2005.

IT IS FURTHER ORDERED THAT the docket shall be modified to reflect that Century 21's Motion for Default Judgment (Docket No. 12) is dismissed as moot.

IT IS SO ORDERED this   6th     day of July, 2006.

      _/s/ Garnett Thomas Eisele_____
      UNITED STATES DISTRICT COURT